KLEIN, J.,
specially concurring.
I agree with the majority and am writing separately only to say that I hope the supreme court will clarify Almeida. In Almeida our supreme court held:
[T]hat if, at any point during custodial interrogation, a suspect asks a clear question concerning his or her rights, the officer must stop the interview and make a good-faith effort to give a simple and straightforward answer. To do otherwise — i.e., to give an evasive answer, or to skip over the question, or to override or “steamroll” the suspect — is to actively promote the very coercion that Traylor was intended to dispel.... Any statement obtained in violation of this proscription violates the Florida Constitution and cannot be used by the State. See Traylor, 596 So.2d at 966.
Almeida, 737 So.2d at 525.
In Glatzmayer the defendant asked the officers if they “thought he should have an attorney.” The officers responded that this was up to the defendant, not the officers. In the present case, the defendant asked the officer “Do I need an attorney?” The officers response was to read the defendant his Miranda rights.
• In both Glatzmayer and this case the suspect asked the officers a question seeking a response of either “yes” or “no.” In each case the officers evaded giving such a response and thus violated the rule announced in Almeida, which requires a “straightforward answer,” not “an evasive answer.”
Although we concluded in Glatzmayer that Almeida required the confession to be suppressed, we noted that suppression was not required under Miranda as interpreted by Davis v. United States, 512 U.S. 452, 114 S.Ct. 2350, 129 L.Ed.2d 362 (1994). Glatzmayer, 754 So.2d at 74 n. 2. Because the supreme court has granted review in Glatzmayer, our reliance on Glatzmayer will enable the state to seek review in this case. If our opinion in Glatzmayer is reversed, our decision in this case should also be reversed.